**1216**

the maximum term allowed by the statute, the trial court gave the credit to which [the defendant] was entitled by reason of his earlier custody." 387 F.2d at 767, 768.

Applying this rule to the facts of the case *sub judice,* it is clear that the appellant is not entitled to credit for his presentence jail time, on his sentences for violation of 18 U.S.C. § 495. Cf. Benson v. United States, 5th Cir. 1968, 405 F.2d 467; United States v. McCullough, 5th Cir. 1969, 405 F.2d 722.

The judgment of the district court is correct and it is hereby affirmed.

Affirmed.

Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM.

We have reviewed the record before us, and we find no merit in the points raised in this appeal. A motion for a new trial lies entirely within the discretion of the trial judge and we find no abuse of that discretion in this case.

**UNITED STATES of America,
Appellee,**

v.

**John Westley McGUIRE, Appellant.**

**No. 24754.**

United States Court of Appeals,
Ninth Circuit.

Feb. 13, 1970.

**William E. ALLARD, Petitioner and
Appellant,**

v.

**Louis S. NELSON, Warden, etc.,
Respondent and Appellee.**

**No. 23962.**

United States Court of Appeals,
Ninth Circuit.

March 24, 1970.

George H. Lerg, II, San Diego, Cal., for appellant.

* The Honorable William M. Byrne, Senior District Judge for the Central District of California, sitting by designation.